1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA COCKERHAM,

               Plaintiff,

    v.

SOUND FORD, INC. et al.,

               Defendants.

CASE NO. C06-1172JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendants'[1] motion to stay proceedings and compel arbitration (Dkt. ## 10, 14).  The court has considered the papers filed in support and in opposition to this motion.  For the reasons stated below, the court GRANTS Defendants' motion to compel arbitration and STAYS the action.

## II.  BACKGROUND

Plaintiff Jessica Cockerham worked as a salesperson for Defendant Sound Ford Inc. ("Sound Ford").  Upon accepting the position, Ms. Cockerham signed a contract,

---

[1]Defendants Eddie Sajari, Sound Ford, Inc and Scott Reitz filed the instant motion to dismiss (Dkt. #10).  The remaining named defendant, Adel Fedeel, filed a subsequent notice to join the motion (Dkt. # 14).

ORDER – 1

which requires her to submit her disputes with the company to arbitration.  McQueen Decl., Ex. A ("Agreement").  Ms. Cockerham left Sound Ford eight months later and filed suit alleging racial and sexual harassment on the part of various Sound Ford employees.  Defendants now move to compel arbitration.

### III.  ANALYSIS

The Federal Arbitration Act ("FAA")[2] "compels judicial enforcement of a wide range of written arbitration agreements" that involve commerce.  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001).  Arbitration agreements formed in connection with contracts of employment touch on commerce, and thus, are enforceable under the FAA.  See id. at 119; see also, EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742, 744 (9th Cir. 2003) (holding that Title VII claims are arbitrable); Zuver v. Airtouch Communications, 103 P.3d 753, 758, 769 (Wash. 2004) (affirming order to compel arbitration of state law employment discrimination claims).  Courts resolve doubts on questions of arbitrability in favor of arbitration.  Gimer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).  Despite this presumption, the court may invalidate an arbitration agreement under generally applicable state law contract defenses (e.g., fraud, duress).  Zuver, 103 P.3d at 759.  The party resisting arbitration bears the burden of proving such a defense.  Id.

Ms. Cockerham appears to concede that the scope of the arbitration agreement covers her claims; however, she contends that the agreement is invalid because it is

---

[2]There is no dispute that the FAA applies to this matter.  The relevant FAA provision provides: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

ORDER – 2

unconscionable.  Washington courts recognize two categories of unconscionability: substantive and procedural.  Id. at 759-60.  Procedural unconscionability is "the lack of meaningful choice, considering all the circumstances surrounding the transaction . . . ." Id. at 759 (citation omitted).  Substantive unconscionability occurs where a contract provision is so "one-sided or overly harsh" that it is fairly characterized as "exceedingly calloused" or "shocking to the conscience."  Id. (citation omitted).

A.     **Procedural Unconscionability**

The court concludes that the circumstances of Ms. Cockerham's execution of the agreement do not rise to a level of unconscionability.  The court agrees that the arbitration agreement likely constitutes an adhesion contract given that Sound Ford prepared it as a standard form and offered it to Ms. Cockerham on a "take it or leave it" basis.  See id. at 760 (describing characteristics of adhesion contracts).  This conclusion is not, however, dispositive on the question of procedural unconscionability.  Id.  Instead, the key inquiry is whether Ms. Cockerham "lacked meaningful choice."  Id. at 760-61.  In this instance, Sound Ford did not hide the terms of the arbitration agreement in "a maze of fine print."  See id. at 761.  Rather, the agreement is a relatively short (four-page) stand-alone document, printed in normal-sized font; the front page bears a descriptive title in capital letters, and the last page includes a warning in capital letters cautioning the employee to read the document prior to signing it.  Agreement ¶ 14; see Public Employees Mut. Ins. Co. v. Hertz Corp., 800 P.2d 831, 835 (Wash. 1990) (reasoning that essential terms in capital letters weighs against a finding of procedural unconscionability).

Despite the agreement's capital-lettered caution to employees to read the contract, Ms. Cockerham contends that she "had no reason to think [she] needed to read [the documents]."  Cockerham Decl. ¶ 13.  At the threshold, the court is bound by the maxim that "[o]ne who accepts a written contract is conclusively presumed to know its contents."

1    <u>Tjart v. Smith Barney, Inc.</u>, 28 P.3d 823, 829 (Wash. App. Ct. 2001).  Nevertheless, Ms.

2    Cockerham counters that even if she had read the agreement, she would not have

3    understood the term "arbitration."  Cockerham Decl. ¶ 9.  The court finds this argument

4    unavailing.  The contract itself sets forth the terms in such a way that an average person

5    would understand the substance of the agreement.  What is more, the signature page

6    contains the following warning in capital letters: "the employee expressly agrees to waive

7    a trial by jury."  Agreement ¶ 14.  Although she may not have understood the term

8    "arbitration," Ms. Cockerham freely admits that she "know[s] that the right to a jury trial

9    is one of the most important elements of our Constitution and our democracy."

10   Cockerham Decl. ¶ 19.  Thus, Ms. Cockerham's defense that she did not understand what

11   she signed is not a sufficient basis for invalidating an otherwise enforceable agreement.

12   <u>See</u> <u>Tjart</u>, 28 P.3d at 829.

13

14          Ms. Cockerham's remaining, and perhaps most important contention is that she felt

15   hurried to sign the document along with several other papers in order to begin work that

16   same day.  She attests that nobody explained the "stack of papers" to her and that it would

17   have been "impossible" to leave the workplace to have the papers reviewed by someone

18   else without risking an appearance of insubordination.  Cockerham Decl. ¶¶ 6, 11-13.

19   Ms. Cockerham does not allege that any particular Sound Ford employee threatened her

20   job if she failed to sign the documents within a certain time frame or that anyone refused

21   to answer her questions.  Defendants strongly dispute Ms. Cockerham's version of events

22   and attest that long-time Sound Ford employee Claudia McQueen explained the

23   documents to Ms. Cockerham, asked her if she had any questions, and gave her as much

24   time as she needed to review their content.  McQueen Decl. ¶¶ 2, 5-7.  The court

25   concludes that, without more, Ms. Cockerham's perception that Sound Ford hurried her

26   signature is insufficient to invalidate the agreement on grounds of procedural

27   unconscionability.  <u>See</u> <u>Tjart</u>, 28 P.3d at 829 (affirming order to compel arbitration

28

ORDER – 4

even though the employer explained that signing the contract was "a matter of office procedure" and notwithstanding fact that employee reviewed and signed the document "relatively rapidly").

**B.   Substantive Unconscionability**

On substantive grounds, Ms. Cockerham contends that the court should invalidate the agreement because it requires fee-splitting, grants discretion to the arbitrator to award attorneys' fees to the prevailing party, forces her to pay for a court reporter, and places limits on discovery.  As to the fee-splitting provision, Agreement ¶ 8, the court considers Ms. Cockerham's argument moot.  Defendants have expressed their willingness to pay 100% of the fees and costs of the arbitrator.  Although the court does not reach the question of whether the fee-splitting provision is itself unconscionable, the court accepts Defendants' offer in recognition of the relative financial status of the parties and Ms. Cockerham's right to a full and fair opportunity to redress her grievances.

The court concludes that the remaining provisions do not render the agreement so one-sided or overly harsh as to shock the conscience.  As to the award of attorneys' fees provision, the arbitration agreement does not expand or diminish what would already be available to a prevailing party before this court.  <u>See</u> Agreement ¶ 7.  Further, requiring a party to pay for a court reporter is not so overly one-sided or harsh, given that the party wishing to have a stenographic record bears the expense.  <u>See id.</u>  Lastly, the discovery provision that allows each side to take one deposition and grants discretion to the arbitrator to determine the necessity of additional discovery is not unconscionable.  <u>See</u>, <u>e.g.</u>, <u>Fontaine v. Rent-A-Center West, Inc.</u>, 2006 WL 141606 at *2, 3 (D. Or. 2006) (enforcing arbitration agreement that limited discovery to one deposition per party).

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to compel arbitration (Dkt. ##10, 14).  The court STAYS this matter pending arbitration of Ms.

ORDER – 5

1   Cockerham's claims in accordance with the parties' arbitration agreement, save for

2   Defendants' obligation to pay the fees and costs of the arbitrator.

3        Dated this 29th day of September, 2006.

4

5

6

7   _____

8   JAMES L. ROBART
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 6